UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

  Plaintiff,

v.                                             Case No.    21-CR-241

JAVIER MERCED, et al.

  Defendants.

---

### ORDER DENYING RECONSIDERATION OF DETENTION

---

      The defendant is in custody following this court's order of detention issued December 3, 2021. On December 21, the defendant filed a motion seeking to reopen his detention hearing. The government has filed a brief opposing the motion. For the following reasons, the motion will be denied.

      The primary impetus of the motion appears to be the defendant's belief that the court misapplied the presumption of detention in this case. Specifically, during the detention hearing I stated that "it's a presumption case, and that simply means Congress has determined that in the normal case like this, the defendant should be detained. There has to be something unusual about the defendant's circumstances to overcome that . . . presumption." ECF No. 18 at 13-14. To the extent this statement could be construed to imply that the defendant's burden is a heavy one, the defendant is correct. Courts routinely note that the presumption imposes "a light burden" on defendants charged with crimes that trigger the presumption. *United States v. Wilks,* 15 F.4th 842, 846 (7th Cir. 2021).

However, my comment regarding the statutory presumption—which I echo in some form in almost every presumption case—was intended to be a shorthand but accurate summary of the Seventh Circuit's explanation of the presumption in *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986). There, the court explained that "the very import of the presumption of dangerousness in § 3142(e)" is based on "Congressional findings that certain offenders, including narcotics violators, as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." *Id.* Therefore, because the presumption treats people *as a group,* the principal means of overcoming that presumption is to distinguish the defendant from the group, or "show that the specific nature of the crimes charged, or that something about their individual circumstances, suggests that 'what is true in general is not true in the particular case …'" *Id.* (quoting *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir.1985)). In short, I believe it remains a fair summary of the law to state that a defendant must explain why what's *usually* true for drug offenders "as a group" is *not* true with respect to that specific defendant. *Id.*

The defendant is correct that the presumption is not outcome determinative. For example, this court has recently found the presumption overcome when a defendant presented with almost no criminal history; in another case, the defendant was able to rebut the presumption because (in part) he had no history of using or possessing firearms. Both of those circumstances (among others) distinguished the defendants from the typical individuals charged with drug crimes that carry the presumption of detention. Here, by contrast, we are not presented with any circumstances that render the defendant unusual when compared to others charged with serious drug-trafficking crimes. The defendant had a loaded firearm,

which was illegally possessed; he had a criminal history involving similar conduct and involving a dangerous weapon; and he was a habitual user of cocaine. If anything, the circumstances here make Congress' determination that "certain offenders, including narcotics violators, as a group are likely to continue to engage in criminal conduct" seem prescient. *Id.*

The defendant also suggests the government and the court placed too much emphasis on the weight of the evidence, which he believes should be the least important factor in the analysis. As I have explained elsewhere, however, the weight of the evidence is no more or less important than any other statutory factor.

> Relying on a Ninth Circuit case, James suggests that the strength of the evidence should be the least relevant factor to be considered under § 3142(g). However, there is no whiff of that to be found in the statute itself, which simply identifies the four factors a judge should consider without favoring any one factor over another. 18 U.S.C. § 3142(g). In fact, in the Ninth Circuit, the principle that the strength of the evidence should be the least important factor appears to arise out of a perjury case from 1972, more than a decade before the Bail Reform Act was passed. In *United States v. Honeyman*, the court observed: "We think that the least weight should be given to the weight of the evidence against the accused. Certainly in this case the offense charged, perjury, while a serious offense, is not of a type that indicates that the defendant is a danger to the community . . . ." 470 F.2d 473, 474–75 (9th Cir. 1972). Given that context, it should be clear that the *Honeyman* court was holding that the strength of the evidence should be the least important factor in *that* case, a rather humdrum case involving perjury. The court was not making a grand pronouncement about how *every* case should be decided. That courts in the Ninth Circuit have transformed the *Honeyman* court's narrow observation into a universal principle of statutory analysis does not mean that the error should be repeated here.

*United States v. James,* No. 20-CR-89, ECF No. 24 at 4-5.

As for the question of the defendant's dangerousness, the defendant points out that the government seemed to have no trouble letting him remain free for two months following the search of his home. What's more, the government could have arrested him long ago—for example, after a controlled buy in early 2020—but it chose to continue gathering information for its investigation. The government therefore must have been comfortable with the

defendant being in the community, and so we should discount its current argument that the defendant is dangerous. Defendants raise arguments of this ilk with some frequency, but I have yet to see this kind of argument address, or even flirt with, any of the factors set forth in 18 U.S.C. § 3142(g). There is nothing in the statute that estops the government from arguing a defendant is dangerous merely because it did not arrest the defendant at the earliest possible opportunity. In fact, such a policy would hamstring the government's ability to conduct the kinds of complicated and lengthy criminal investigations necessary to uncover and disrupt large criminal enterprises. Sometimes law enforcement might reasonably make the difficult choice to let a very dangerous individual remain free in the hopes that he will lead them to co-conspirators and / or individuals who are just as dangerous or even more so. The Bail Reform Act does not command, or even allow, the release of a dangerous defendant into the community merely because of what the government did or did not do during the course of its investigation.

Finally, the merits. Under 18 U.S.C. § 3142(f)(2), the detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Here, the information provided is largely repetitive of what was already known at the time of the hearing. As such, it would not warrant reopening the hearing. The fact remains that the defendant is charged with three counts, all of which involve dangerousness to the community. In particular, the defendant is charged with dealing cocaine and heroin, and he is charged with illegal possession of a firearm. His residence revealed drug dealing paraphernalia, a stolen gun, ammunition, and

4

$18,000 in cash. His criminal history, while short, nevertheless contains a similar charge (possession with intent and use of a dangerous weapon) and a not-insubstantial three-year sentence. He also has a lengthy history of using cocaine. The fact that the charges also include dealing drugs within 1,000 feet of a school is an aggravating factor. In short, the circumstances surrounding the charges here are equally or more serious than what is typically seen with similar charges carrying the presumption of detention.

In sum, the defendant has not introduced new, material information that would change the result of the original detention hearing. Even if the information now presented were new, the § 3142 factors continue to support detention, and the presumption of detention also applies. For these reasons, the motion is **DENIED**.

**SO ORDERED** this 8th of January, 2022.

*Stephen C. Dries*
STEPHEN C. DRIES
United States Magistrate Judge